UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BAYLEY'S CAMPGROUND INC., <br> FKT RESORT MANAGEMENT LLC, <br> FKT BAYLEY LIMITED <br> PARTNERSHIP, DMJ PARKS LLC, <br> CURTIS BONNELL, DOLORES <br> HUMISTON, and JAMES BOISVERT, <br><br> Plaintiffs, <br><br> v. <br><br> JANET MILLS, <br><br> Defendant. | No. 2:20-cv-00176-LEW |

**ORDER ON PLAINTIFFS' MOTION FOR EXPEDITED INJUNCTION PENDING APPEAL AND MOTION FOR RECONSIDERATION**

On May 29, 2020, I entered an Order denying Plaintiffs' Motion for Preliminary Injunction. (ECF No. 20).  Two days later, Plaintiffs appealed. (ECF No. 21).  Now before me are Plaintiffs' Motion for Expedited Injunction Pending Appeal pursuant to Fed. R. App. P. 8(a)(1)(C), and Plaintiffs' Motion for Reconsideration. (ECF Nos. 25, 26).  The Motions seek the same relief for the same reason—that I grant Plaintiffs' original request for a preliminary injunction due to an error of law in the May 29, 2020 Order.  For the reasons that follow, Plaintiffs' Motions are DENIED.

In their Motions, Plaintiffs argue I committed an "oversight…which ultimately led to the denial of Plaintiffs' request for a preliminary injunction."  Motion for Expedited Injunction ("Motion") at 1.  Plaintiffs argue I incorrectly placed the burden on them to show that the Governor's order is not narrowly tailored, when, in fact, the burden is the

other way around. *Id.*, citing *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006); *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 666 (2004). This simply is not so. As indicated below, the May 29 Order did not misallocate burdens of proof as Plaintiffs suggest, and it applied the relevant standards Plaintiffs cite in their motion for expedited injunctive relief.

As Plaintiffs correctly point out, once strict scrutiny applies—here, because the fundamental right to travel is infringed—the burden of proof shifts to the government to prove that the regulation at issue is the least restrictive means of achieving a compelling governmental interest. Motion at 4. The Supreme Court has affirmed that this burden-shifting framework applies even in the preliminary injunction context:

> In deciding whether to grant a preliminary injunction, a district court must consider whether the plaintiffs have demonstrated that they are likely to prevail on the merits…. [Plaintiffs] must be deemed likely to prevail unless the [Defendant] has shown that [Plaintiffs]' proposed less restrictive alternatives are less effective than [the regulation at issue].

*Ashcroft*, 542 U.S. at 666. The May 29 Order applied these principles. In line with *Ashcroft*, I noted at the outset that "[a]s the party seeking injunctive relief, Plaintiffs bear the burden of establishing that the [preliminary injunction] factors weigh in their favor." Order at 11. After finding Plaintiffs' "fundamental rights are burdened by the order to quarantine," *Id.* at 19, I considered whether the Governor had produced sufficient evidence that the burdens imposed were the least restrictive means to combat the threats posed by the COVID-19 pandemic. I found the Governor had done enough to show that any "proposed less restrictive alternatives" would not achieve the same goal. Order at 22 ("It is not at all clear that there are any less restrictive means for the state *to still meet their goal*

of curbing COVID-19.") (emphasis added).  This was the Governor's burden, and I found she carried her burden of proof sufficiently to defeat Plaintiffs' motion for preliminary injunction.

The language Plaintiffs cite from the May 29 Order does not suggest otherwise. Plaintiffs highlight two sentences from the Order where I concluded that Plaintiffs failed to show they are likely to succeed on Count One.  Motion at 5 (citing Order at 21, 23). Nowhere did I indicate, however, that Plaintiffs bore the burden of proving the Governor's restrictions were not narrowly tailored, or that they had failed to do so.  Instead, considering the Governor's evidence of "the 'scientific uncertainty' surrounding issues like immunity, communicability, and testing," I found that "Plaintiffs' proposed alternatives are at least arguably unworkable."  Order at 22-23.  That is to say, the Governor did enough at this preliminary stage, with the sum of the other three preliminary injunction factors pointing in the state's favor, to carry her burden to show Plaintiffs' "proposed less restrictive alternatives" would not still achieve the compelling state interest of combating the COVID-19 threat.  Having found that the Governor met her burden, I concluded the Plaintiffs were unlikely to succeed on their claim, and denied their motion for preliminary injunctive relief.

The standard for an injunction pending appeal is the same as the standard for a preliminary injunction.  *Respect Me. PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010).  And Plaintiffs' Motion for Reconsideration can succeed "only if they can show that 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" *Capron v. Office of the AG of Mass.*, 944 F.3d 9, 44 (1st Cir. 2019) (citing *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014).  As

discussed above, because I find Plaintiffs' Motions do not introduce any new grounds to justify awarding them preliminary injunctive relief in this case, their Motion for Expedited Injunction Pending Appeal (ECF No. 25) and Motion for Reconsideration (ECF No. 26) are DENIED.

**SO ORDERED.**

Dated this 5th day of June, 2020.

                                                    /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE